UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Case No.  06-92-04 (TFH) |
| | : | |
| MARLON CHRISTOPHER DAVID, | : | |
| Defendant. | : | Hearing Date: April 13, 2007 |

### GOVERNMENT'S MOTION REGARDING RULE 609 EVIDENCE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits its Motion Regarding Rule 609 Evidence.  In support thereof, the United States submits the following points and authorities and any other such evidence or argument as may be adduced at a hearing on the Motion.  Defendant David in Criminal No. CR 92-269, was conviction of Unlawful Possession With Intent to Distribute Cocaine Within 1000 Feet of a Public School on June 27, 1992.  Additionally, Defendant has been previously convicted of Operating a Vehicle After Suspension in 1992 and Attempted Possession of Cocaine in 1988.

### Argument

In the event the defendant testifies at trial, the government should be permitted to impeach him with his prior convictions.

Federal Rule of Evidence 609(a)(2) allows for the introduction of convictions for crimes involving dishonesty or false statement to attack the credibility of the defendant in a criminal case.  Federal Rule of Evidence 609(a)(1) also allows for the introduction of convictions

punishable by imprisonment in excess of one year to similarly attack the credibility of the defendant, subject to a prescribed balancing of probative value and prejudicial effect of evidence. The rule specifically provides that any such conviction "shall be admitted if the [trial] court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused." Fed. R. Evid. 609(a)(1). The rule specifically provides that any such conviction "shall be admitted if the [trial] court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused." Fed. R. Evid. 609(a)(1). This Circuit has held that "the district court has discretion to determine when to inquire into the facts and circumstances underlying a prior conviction and how extensive an inquiry to conduct" when balancing under Rule 609. United States v. Lipscomb, 702 F.2d 1049, 1068 (D.C. Cir. 1983); see also United States v. Brown, 603 F.2d 1022, 1028 (1st Cir. 1979) (requirements of 609(b) balancing met "even though specific facts and circumstances were not itemized for the record").

Rule 609(b) requires written notice of the intent to use a conviction for a crime punishable for more than one year it the date of the conviction or the date of release is more than ten years old.

The defendant's prior convictions bear directly upon his credibility. The effect of prior convictions upon a juror's evaluation of witness testimony is well documented. The serious nature of the defendant's prior offenses may be considered by the jury as indicative of his lack of veracity. Such convictions are probative of a defendant's respect for the law and are directly relevant to an examination of his credibility. Courts routinely admit evidence of such prior convictions, even when the prior offenses are of the same type as the instant charges. See e.g., United States v. Smith, 49 F.3d 475, 478 (8th Cir. 1995) (evidence of defendant's prior gun

conviction properly used to impeach his credibility in case charging defendant with being a felon in possession of a firearm).

Of course, the court can and should significantly lessen the prejudicial effect of the admission of evidence of the defendant's prior criminal convictions by instructing the jury as to the limited use to which it can put evidence of a prior conviction.

WHEREFORE, the government respectfully requests that the Court permit the government to impeach the defendant with his prior convictions should he choose to testify.

        Respectfully submitted,

        JEFFERY A. TAYLOR
        UNITED STATES ATTORNEY
        D.C. BAR NO. 498-610


By: _____
        MARTIN DEE CARPENTER
        Assistant United States Attorney
        Organized Crime and Narcotics Trafficking Section

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a copy of this pleading has been mailed, postage prepaid, this 29th day of March, 2007, to counsel for Defendant David, Eduardo Balarezo, Esquire, by electronic filing to:

Attorney Eduardo Balarezo
Email: lawoffice@blalrezo.net

Attorney Brian K. McDaniel
Email:  kbmassociates@aol.com

Attorney Marie Elise Haldane
Email: ehaldane@msn.com

Attorney James W. Rudasill, Jr.
Email:  rudasilljr7@aol.com

 

_____
MARTIN DEE CARPENTER, Bar No. 431-211
Assistant United States Attorney
Organized Crime & Narcotics Trafficking Section
555 4th Street, N.W., Room No. 4116
Washington, D.C.  20530
(202) 514-7063

Email: martin.carpenter2@usdoj.gov