UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Case No.  06-92-04 (TFH) |
| | : | |
| MARLON CHRISTOPHER DAVID, | : | |
| Defendant. | : | Hearing Date: April 13, 2007 |

### NOTICE OF INTENT TO INTRODUCE EVIDENCE OF OTHER CRIMES, WRONGS, OR ACTS UNDER F.R.C.P. 404(b) AND GOVERNMENT'S MOTION TO ADMIT SUCH EVIDENCE AT TRIAL

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this notice of its intent to introduce evidence of other crimes, wrongs or acts (commonly referred to as, "404(b) evidence") pursuant to Federal Rule of Criminal Procedure 404(b).  The introduction of this evidence is relevant to prove one or more of the following; motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.  In support of this notice, and the motion incorporated herein, the Government relies on the following points and authorities and such other points and authorities as may be cited at any hearing on this matter.  We submit that the evidence of defendant's other crimes, wrongs, or acts should be admitted at trial.  Defendant David in Criminal No. CR 92-269, was conviction of Unlawful Possession With Intent to Distribute Cocaine Within 1000 Feet of a Public School on June 27, 1992.

Statement of Fact

Defendant Marlon Christopher David, and several associates, both known and unknown, to the United States, have conspired to distribute and possess with intent to distribute Cocaine Base, also known as "Crack" a controlled substance, in violation of Title 21 United States Code §§ 841(a)(1) and 846. This conspiracy has venue and jurisdiction in the District of Columbia. The substances seized and distributed during this investigation were analyzed by the Drug Enforcement Administration Laboratory and were determined to in fact be Cocaine Base, also known as "Crack" a controlled substance. The Cocaine Base or Crack utilized during the charged conspiracy was could be smoked and ingested by various methods to cause a narcotic or drugged effect. Defendant David conspired with various individuals, both known and unknown to the United States to include, but not limited to: Raymond Cooke, Niel Eugine Thomas, also known as Neil Eugene Thompson, and Tammy Odom. Defendant David is charged in Counts 1, 7, 11 and 12 of his indictment. Between May 7, 2004 and March 14, 2006, Defendant Odom distributed to undercover officers cocaine base also known as crack on ten different occasions ranging in amounts from approximately 23 grams for $1,200.00, in U.S. Currency to 130 grams for $4,000.00, in U.S. currency.

Defendant Odom, who was the intermediary for her suppliers, would call individuals like Defendants Cooke and Thomas aka Thompson, who was supplied by Defendant David to obtain the crack cocaine and then she would sell it to the undercover officers with the bulk of the illicit profits or monies going to persons like Defendants Cooke, Thomas aka Thompson and Defendant David. In total, the United States purchased 669 grams of crack cocaine from Defendant Odom at a cost of $21,400.00, in U.S. currency. During the course of this conspiracy Defendant Odom obtained from Defendants Cooke, Thomas aka Thompson and David, Cocaine Base or Crack in amounts ranging from an eight-ball or 2.5 grams to a 62 or 62 grams of Cocaine Base or Crack, or more, in total amount which was more than 669 grams. The substances purchased from Defendant Odom during

this investigation were analyzed by the Drug Enforcement Administration Laboratory and were determined to in fact be Cocaine Base, also known as "Crack" a controlled substance.

ARGUMENT IN SUPPORT OF ADMITTING THE ABOVE EVIDENCE

The Court employs a two-step test to determine if prior "bad acts" evidence is admissible. Clarke v. United States, 24 F.3d 257, 264 (D.C. Cir. 1994). "The first step requires that the evidence be probative of some material issue other than character." Id.; see also Huddleston v. United States, 485 U.S. 681, 686 (1988). The evidence may be offered for any purpose, including to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, so long as it is not offered solely to prove character of a person in order to show action in conformity therewith. Fed. R. Evid. 404(b). Next, if the contested evidence is offered for a permissible purpose, "the second step requires that the evidence not be inadmissible under Rule 403." Clarke, supra, 24 F.3d at 264. In other words, the "probative value of the evidence [must] not be 'substantially outweighed' by its potential prejudice." United States v. Miller, 895 F.2d 1431, 1435 (D.C. Cir.) (quoting Huddleston, 485 U.S. at 687), cert. denied, 498 U.S. 825 (1990).[1]

Evidence of the defendant's prior drug offense(s) is offered to illuminate essential elements of the offenses for which each defendant has been charged and which the Government must prove beyond a reasonable doubt. Evidence of defendant's past drug possessions and dealings are admissible on the issues of motive, intent, preparation, plan, knowledge, identity, and absence of

---

[1] It should be noted that the standard of proof for establishing admissibility of the facts of prior bad acts is less than in the underlying criminal case. The Supreme Court in Huddleston held, "in the Rule 404(b) context, similar act evidence is relevant only if the jury can *reasonably conclude* that the act occurred and that the defendant was the actor." Huddleston, 485 U.S. at 689, (emphasis added). Thus, even if a jury could not find beyond a reasonable doubt that a crime was committed and that the defendant committed it, it could still reasonably conclude that a defendant committed a particular act for the purposes of 404(b) admissibility. See, Dowling v. United States, 493 U.S. 342, 349 (1990). Further, The District Court's determination whether to admit 404(b) evidence is reviewed for abuse of discretion. United States v. Springs, 936 F.2d 1330, 1333 (D.C. Cir. 1991); United States v. Watson, 894 F.2d 1345, 1349 (D.C. Cir. 1990).

mistake or accident, as well as to discount the defense of "innocent presence."  Evidence that the defendant had prior contact with drug possession and sales is powerful evidence of not only familiarity with the substance but also its value, method of distribution, and the importance of secretion of the contraband and the proceeds derived therefrom. These factors all shed light upon the defendant's motives and intentions to possess, distribute, and profit from the manipulation of the heroin trafficked by the GHTO during the life of the charged conspiracy (and ending with the recovery of large amounts of narcotics during the execution of various search warrants).  United States v. Washington, 969 F.2d 1073, 1081 (D.C. Cir. 1992)(evidence of defendant's prior drug transaction is probative of intent, knowledge and plan on defendant's part);  United States v. Rodgers, 918 F.2d 207, 210 (D.C. Cir. 1990) (evidence of other drug deal admissible to show knowledge, intent, and the absence of mistake);  see also United States v. Harrison, 679 F.2d 942, 948 (D.C. Cir. 1982) (because testimony concerning defendant's past drug dealing established a course of dealing by defendant, such evidence was admissible to prove motive, intent, preparation, plan, knowledge, identity, and absence of mistake); United States v. Childs, 598 F.2d 169, 174 (D.C. Cir. 1979); United States v. Gallo, 543 F.2d 361, 365 (D.C. Cir. 1976).  Although the evidence reveals defendants participation in other criminal acts, appellate courts have held that, "under Rule 404(b), any purpose for which bad-acts evidence is introduced is a proper purpose so long as the evidence is not offered solely to prove character." Miller, supra, 895 F.2d at 1436; see also Clarke, 24 F.3d at 264 (only impermissible use of other acts evidence is to show character).

      Moreover,  404(b) evidence is admissible to establish motive, identity, common scheme or plan, opportunity, and absence of mistake or accident.  The introduction of this evidence would be permissible, the government contends, for any of these purposes. Here, the defendants are charged with conspiracy as well as with substantive narcotics counts.  Thus, in addition to establishing knowledge and intent, the evidence of the defendant's prior contacts and convictions for drug

offenses are admissible to establish that the defendant sought to possess the drugs with the intention of distributing them. Evidence of defendant's prior drug possession and sales focuses on the pivotal issues of knowledge and intent.

The 404(b) evidence establishes that the defendant in the prior case(s) engaged in the drug trade. The fact that the defendant's conviction(s) may have occurred several years ago is not determinative of admissibility. Where the similarity between the 404(b) evidence and the facts of the charged offense are closely related, the courts weigh in favor of admitting the evidence. United States v. Mounts, 35 F.3d 1208, 1214-1215 (7th Cir. 199)(7 years between bad act and charged conduct sufficiently close nexus for admissibility); United States v. Hadley, 918 F.2d 848, 851 (9th Cir. 1990) (approving use of evidence 10 years old because of similarity of conduct); United States v. Martino, 759 F.2d 998, 1005 (2nd Cir. 1985) (11 year old youth act conviction properly admitted on the issue of defendant's knowledge and intent to distribute narcotics); United State v. Lopez-Martinez, 725 F.2d 471, 477 (9th Cir.), cert. denied 469 U.S. 837 (1984) (fact that eight years separated the 404(b) case from the arrest-generated case not controlling where the facts of the first case were similar enough to the second to be relevant.). See also United States v. Hinton, 31 F.3d 817, 823 (9th Cir. 1994) (finding similarity between acts warranted admission of 404(b) evidence).

In the instant case, the "other crimes" evidence is probative on the issues of the defendant's motive, knowledge, intent and absence of mistake. At trial, it would be insufficient for the government to simply prove that the defendant was present when contraband was discovered or that he arranged for the delivery of crack. The government has the burden of showing a nexus between the defendant and his intention to possess the illicit drugs, sell the illicit drugs, or contribute to the success of others to sell illicit drugs. Further, this evidence makes it more likely that the defendant knew that he was intentionally trafficking in narcotics on the dates charged in the indictment.

The admission of prior wrongs, in this case conviction, shows that the defendant, "[was] not some hapless fool mistakenly caught up in an overzealous law enforcement action." United States v. Kreiser, 15 F.3d 635, 640 (7th Cir. 1994). See, e.g., United States v. Moore, 732 F.2d 983, 989 (D.C. Cir. 1984) (finding prior drug transactions probative of intent to participate in future transactions). "The oftener a like act has been done, the less probable it is that it could have been done innocently." 2 J. Wigmore on Evidence sec. 312 (3d ed. 1940).

The similarities of conduct evidenced by defendant's convictions are compelling, and warrant the admission of this evidence. Moreover, careful use of limiting instructions following introduction of this evidence and at the close of the case will effectively eliminate any prejudice to the defendant or misuse of the evidence by the jury. United States v. Ruffin, 40 F.3d 1296, 1298 (D.C. Cir. 1994). Any potential prejudice flowing from admitting this evidence can be cured by the Court giving an appropriate jury instruction. "'[I]t is the law, pure and simple, that jury instructions can sufficiently protect a defendant's interest in being free from undue prejudice.'" United States v. Perholtz, 842 F.2d 343, 361 (D.C. Cir.), cert. denied, 488 U.S. 821 (1988) (citation omitted). Accord Zafiro v. United States, 506 U.S. 534, 540-41.

WHEREFORE, for the foregoing reasons, the Government respectfully moves and requests that the Court admit the above-described evidence pursuant to Federal Rule of Evidence 404(b).

    Respectfully submitted,

    JEFFERY A. TAYLOR
    UNITED STATES ATTORNEY
    D.C. BAR NO. 498-610


By: _____
    MARTIN DEE CARPENTER
    Assistant United States Attorney
    Organized Crime and Narcotics Trafficking Section

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a copy of this pleading has been mailed, postage prepaid, this 29th day of March, 2007, to counsel for Defendant David, Eduardo Balarezo, Esquire, by electronic filing to:

Attorney Eduardo Balarezo
Email: lawoffice@blalrezo.net

Attorney Brian K. McDaniel
Email:  kbmassociates@aol.com

Attorney Marie Elise Haldane
Email: ehaldane@msn.com

Attorney James W. Rudasill, Jr.
Email:  rudasilljr7@aol.com

 

_____
MARTIN DEE CARPENTER, Bar No. 431-211
Assistant United States Attorney
Organized Crime & Narcotics Trafficking Section
555 4th Street, N.W., Room No. 4116
Washington, D.C.  20530
(202) 514-7063

Email: martin.carpenter2@usdoj.gov