FILED

APR 17 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA, )
)
)
v. ) Cr. No. 06-0092-04 (TFH)
)
MARLON CHRISTOPHER DAVID, )
)
Defendant. )
_____ )

## ORDER

Pending before the Court is the government's motion for a pretrial detention order (#38). On April 13, 2006, the grand jury returned an indictment charging David with, among other offenses, conspiracy to distribute and possess with intent to distribute 50 grams or more of a mixture or substance containing cocaine base, also known as crack, in violation of 21 U.S.C. §§ 846, 841(a)(1) & (b)(1)(A)(iii). This indictment, "fair upon its face," establishes probable cause to believe David committed the offense, see *United States v. Mosuro*, 648 F. Supp. 316, 318 (D.D.C. 1986) (quoting *Gerstein v. Pugh*, 420 U.S. 103, 117 n.19 (1975)), for which the Controlled Substances Act prescribes a maximum term of imprisonment of ten years or more, 21 U.S.C. § 841(a)(1) & (b)(1)(A)(iii). Consequently, a rebuttable presumption exists that "no conditions of release will be adequate to assure the appearance of [David] and the safety of the community." *United States v. Alatishe*, 768 F.2d 364, 370 (D.C. Cir. 1985); 18 U.S.C. § 3142(e); *United States v. Smith*, 79 F.3d 1208, 1210 (D.C. Cir. 1996) (per curiam) ("... the indictment alone would have been enough to raise the rebuttable presumption that no condition would reasonably assure the safety of the community."). "[A]t a minimum," this statutory

presumption imposed on David a burden to produce some credible evidence to the contrary. *See Alatishe*, 768 F.2d at 371. He did not. Indeed, at the hearing held on April 13, 2007, David provided no argument in opposition to the government's motion.

Additionally, considering the factors of 18 U.S.C. § 3142(g), the Court finds as follows: (1) the offenses charged involve conspiring to distribute and distributing large quantities of controlled substances; (2) probable cause exists to believe David committed the charged offenses; (3) although the Court is without much information as to David's characteristics, David is a resident alien subject to an Immigration and Customs Enforcement detainer and has prior convictions for possession with intent to distribute cocaine within 1,000 feet of a school and for attempted cocaine possession; and (4) David, as a defendant charged with a drug trafficking offense who has two prior narcotics convictions, poses a serious danger to the community.

On balance, the factors weigh strongly against David's pre-trial release. This, when combined with David's failure to provide any evidence, much less any argument, rebutting the statutory presumption, leads the Court to find by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure David's appearance and the community's safety. Therefore, the Court **GRANTS** the government's motion and **ORDERS** David held without bond pending trial.

The Court further **ORDERS** that David shall remain in the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; David shall be afforded reasonable opportunity for private consultation with counsel; and on order of a court of the United States or on request of an attorney for the Government, the person in charge of the

corrections facility in which David is confined shall deliver David to a United States marshal for the purpose of an appearance in connection with a court proceeding.

**SO ORDERED.**

April 17, 2007

Thomas F. Hogan
Chief Judge