**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES | : | |
| | : | Criminal No. 06-CR-92(4) (TFH) |
| *v.* | : | Next Date: 5/18/07 |
| | : | |
| MARLON DAVID | : | |

**DEFENDANT DAVID'S OPPOSITION TO GOVERNMENT'S NOTICE OF INTENT TO INTRODUCE EVIDENCE OF OTHER CRIMES, WRONGS, OR ACTS UNDER F.R.C.P [SIC] RULE 404(b) AND GOVERNMENT'S MOTION TO ADMIT SUCH EVIDENCE AT TRIAL**

Defendant Marlon David ("David"), by and through undersigned counsel, respectfully submits his opposition to the government's Notice of Intent to Introduce Evidence of Other Crimes, Wrongs, or Acts Under F.R.C.P. [sic] 404(b) and Government's Motion to Admit such Evidence at Trial. As grounds for his opposition, Mr. David states as follows:

**FACTS**

1. Mr. David is charged in four counts of a seventeen-count indictment alleging various narcotics offenses.

2. Based on a review of the extensive discovery produced by the government thus far, there are no facts indicating what conduct by Mr. David constitute the alleged offenses. Other than the language of the indictment, Mr. David has no notice of what the government alleges he did.

3. In its Motion, the government claims that Mr. David has previously been convicted of Possession with Intent to Distribute Cocaine within 1000 Feet of a School. Pursuant to Fed. R. Evid. 404(b), the government seeks to introduce evidence of this prior

convictions and the surrounding circumstances "for the purpose of proving knowledge, intent and absence of mistake." (Gov. Motion at 5).

## ARGUMENT

4.      Federal Rule of Evidence 404(b) carves out an exception to the prohibition on evidence of other crimes or bad acts by an accused if such evidence is relevant to "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." FRE 404(b). The government's Motion contends that evidence of Mr. David's prior drug-related conviction bears upon his intent, knowledge or absence of mistake or accident. (Gov. Motion at 5).

5.      It is axiomatic that before evidence of other bad acts by an accused may be admitted it must be deemed both "relevant to an actual issue in the case, and its probative value must not be outweighed by its unfair prejudice to the defendant." United States v. Vaughn, 601 F.2d 42, 45 (2d Cir. 1979). See also United States v. Mothershed, 859 F.2d 585, 588 (8th Cir. 1988) (reversing conviction for trial court's failure to exclude similar act evidence and acknowledging that "admission of prior bad acts under Fed. R. Evid. 404(b) requires that the evidence be relevant to a material issue, clear and convincing, more probative than prejudicial, and similar in kind and close in time to the crime charged") (footnote omitted); United States v. Manafzadeh, 592 F.2d 81, 86 (2d Cir. 1979) (reversing conviction for erroneous admission of other crimes evidence and stating that "other-crime evidence may not be received unless it is relevant to an actual issue in the case and unless its probative value on that issue is not outweighed by its unfair prejudice to the defendant").

6. In Mr. David's case, the government has not met any prerequisite required by the above decisions. In fact, the probative value of the evidence is not greater than its prejudicial impact. On the contrary, the sole reason that the government seeks to introduce evidence of Mr. David's prior drug-related conviction is for the improper purpose of suggesting that if he were previously convicted of narcotics distribution offenses, then he is, more likely than not, guilty of narcotics distribution in this case. Such propensity evidence is not allowed under Rule 404(b).

7. The Fifth Circuit, in United States v. Yeagin, found that introducing evidence of the accused's prior drug conviction was improper because it "provided direct support for the one inference specifically forbidden by rule 404(b): that because [the accused] had committed prior drug crime in the past, he had a bad character and a propensity to commit such crimes again." 927 F.2d 798, 803 (5th Cir. 1991). In Yeagin, the court rejected the government's "enigmatic" argument that the prior incidents were relevant to the accused's knowledge or state of mind and characterized the government's arguments that such evidence was necessary to refute the accused's defense of mere presence as "disingenuous." 927 F.2d at 802.

8. In United States v. Linares, 367 F.3d 941 (D.C. Cir. 2004), the Court of Appeals held that it was improper for the trial court to admit evidence of prior gun possession in a weapons prosecution for purpose of showing knowledge, intent and absence of mistake. The Appeals Court stated, "[a] concomitant of the presumption of innocence is that a defendant must be tried for what he did, not for who he is." Linares, 367 F.3d at 946 (quoting United States v. Daniels, 770 F.2d 1111, 1116 (D.C.Cir.1985)).

9. Similarly, this Court should reject the government's request to introduce Mr. David's prior drug conviction as totally nonbearing on his instant offense, and highly prejudicial. In particular, that Mr. David may have previously been convicted of Possession with Intent to Distribute Cocaine bears nothing on the issue of whether he acted unlawfully in the instant case.

10. Although the government alleges that Mr. David was previously convicted for a drug related offense, the evidence of this prior conviction does not indicate knowledge, intent or absence of mistake or accident that would help to establish Mr. David's guilt in the instant case. In fact, because the government has failed to provide any factual proffer concerning the earlier convictions, there cannot be said to be sufficient similarity between the prior convictions and the charged incident "for any inference to be drawn regarding the defendant's responsibility for the later acts." United States v. Shackleford, 738 F.2d 776,783 (7th Cir. 1984).

11. Even if the Court were to allow the government to introduce evidence of the convictions pursuant to Rule 404(b), the evidence must still be excluded pursuant to Rule 403, under which the Court may exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or by misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. See Fed. R. Evid. 403.

12. The convictions the government seeks to introduce date from 1992, over ten years ago. Additionally, the government has failed to state how evidence of the prior convictions in any way will inform a jury in this case with respect to Mr. David's intent,

knowledge or absence of mistake. However, because the prior convictions a for drug distribution, the introduction of such similar convictions or surrounding circumstances would create unfair prejudice, confuse the facts of the separate cases and unduly cause delay because the jury would have to consider facts not relevant to this case.

      13.    In weighing the prejudicial impact of his prior convictions against their probative value, the prior convictions present facts that are bound to make the evidence more prejudicial than probative and should be denied.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons Mr. David respectfully requests that the government be precluded from introducing evidence of his prior convictions in the trial of the instant case.

Dated: Washington, DC
      May 6, 2007

Respectfully submitted,

**LAW OFFICE OF A. EDUARDO BALAREZO**

*A. Eduardo Balarezo*
By: _____
A. Eduardo Balarezo (Bar # 462659)
400 Fifth Street, NW
Suite 300
Washington, DC  20001
(202) 639-0999

*Attorney for Defendant Marlon David*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 6th day of May 2007, I caused a true and correct copy of the foregoing Defendant David's Opposition to Government's Notice of Intent to Introduce Evidence of Other Crimes, Wrongs, or Acts Under F.R.C.P. [sic] 404(b) and Government's Motion to Admit such Evidence at Trial to be delivered via Electronic Case Filing to the Parties in this case.

_____
A. Eduardo Balarezo