UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES | : | |
| | : | Criminal No. 06-CR-92(4) (TFH) |
| v. | : | Next Date:  5/18/07 |
| | : | |
| MARLON DAVID | : | |

**DEFENDANT DAVID'S OPPOSITION TO GOVERNMENT'S MOTION REGARDING RULE 609 EVIDENCE AND INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Defendant Marlon David ("David"), by and through undersigned counsel, respectfully submits his opposition to the government's Motion Regarding Rule 609 Evidence and respectfully requests that the Honorable Court issue an Order prohibiting the government from using his prior convictions to impeach him should he testify at trial.

**FACTS**

According to the government's filing, the government wishes to impeach Mr. David with three prior convictions:  1) Unlawful Possession with Intent to Distribute Cocaine within 1000 feet of a school (DDC 92-CR-269; sixty months confinement); 2) Operating After Suspension (1992; $110 fine); and 3) Attempted Possession of Cocaine (DC Superior Court F-9424-88; one year supervised probation).

**ARGUMENT**

Federal Rule of Evidence 609 provides, inter alia, that "evidence that an accused has been convicted of . . .  a crime [punishable by death or imprisonment in excess of one year] shall be admitted if the court determines that the probative value of admitting this evidence outweighs the prejudicial effect to the accused . . . ." Fed. R. Evid. 609(a)(1).  The Rule also

provides that "evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment." Fed. R. Evid. 609(a)(2). Under Rule 609(a)(1) "the prosecution must show that the probative value of a prior conviction outweighs the prejudice to the defendant." United States v. Lipscomb, 702 F.2d 1049, 1055 (D.C. Cir. 1983). In this case, the government cannot make the requisite showing with respect to Mr. David's prior convictions.

In United States v. Fearwell, 595 F.2d 771 (D.C. Cir. 1978), the D.C. Circuit admonished,

> Rule 609(a)(2) is to be construed narrowly; it is not carte blanche for admission on an undifferentiated basis of all previous convictions for purposes of impeachment; rather, precisely because it involves no discretion on the part of the trial court in the sense that all crimes meeting its stipulation of dishonesty or false statement must be used for impeachment purposes, Rule 609(a)(2) must be confined ... to a 'narrow subset of crimes' -- those that bear directly upon the accused's propensity to testify truthfully.

595 F.2d at 777 (citing United States v. Smith, 551 F.2d 348 (D.C. Cir. 1976) (emphasis in original)). In Mr. David's case, his convictions have no bearing upon his propensity to testify truthfully. In Smith the D.C. Circuit explained that "[b]y the phrase 'dishonesty and false statement' the [Congressional Conference Committee] means crimes such as perjury or subornation of perjury, false statement, criminal fraud, embezzlement, or false pretense, or any other offense in the nature of crimen falsi, the commission of which involves some element of deceit, untruthfulness, or falsification bearing on the accused's propensity to testify truthfully.'" Smith, 551 F.2d at 362 (citing H.R. Conf. Rep. No. 93-1597, 93d Cong Sess. 9, reprinted in [1974] U.S. Code Cong. & Admin. News, pp. 7098, 7103.)).

2

In Smith the Court noted that even an offense that does not per se bear on credibility may be used to impeach if "the prosecutor has first demonstrated to the court the underlying facts which warrant the dishonesty or false statement description." Smith, 551 F.2d at 364 n.28. It is the government's burden to "produc[e] facts which demonstrat[e] that the particular conviction involved fraud or deceit." United States v. Glenn, 667 F.2d 1269, 1273 (9th Cir. 1982) (citing United States v. Smith, 551 F.2d at 364 n. 28). In Mr. David's case the government has produced no information suggesting that the offenses for which he has been convicted involved fraud or deceit.

The D.C. Circuit has held that the government bears "the burden of proof in establishing the admissibility of [a] prior conviction[]." United States v. Crawford, 613 F.2d 1045, 1053 (D.C. Cir. 1979) (citations omitted). In Mr. David's case, the Court should not allow the government to impeach him with his prior convictions absent an "inquiry into the nature and circumstances" of those convictions. Id. at 1053.

The government should also not be permitted to impeach Mr. David with his 1993 federal conviction because it is so close in nature to the charges in this case. The fact that the offenses involved in Mr. David's 1993 conviction was a drug offense, like the charges in this case, makes it far more prejudicial than if it was a conviction for a non-drug offense. Cf. United States v. Beahm, 664 F.2d 414 (4th Cir. 1981). In Beahm the Fourth Circuit explained:

> Admission of evidence of a similar offense often does little to impeach the credibility of a testifying defendant while unduly prejudicing him. The jury, despite limiting instructions, can hardly avoid drawing the inference that the past conviction suggests some probability that defendant committed the similar offense for which he is charged. The generally accepted view, therefore, is that evidence of similar offenses for impeachment purposes under Rule 609 should be admitted sparingly if at all.

3

Beahm. 664 F.2d at 418-19, (footnote omitted) (citing United States v. Mahone, 537 F.2d 922, 929 (7th Cir.), cert. denied, 429 U.S. 1025 (1976); Gordon v. United States, 383 F.2d 936, 940 (D.C. Cir. 1967), cert. denied, 390 U.S. 1029 (1968) (Burger, J.)).

Likewise, the Court of Appeals for this circuit has acknowledged that "a special and even more difficult problem arises [where the government proposes to impeach the accused with a] conviction for the same or substantially the same conduct for which [he] is on trial." Gordon, 383 F.2d at 940. In Gordon the D.C. Circuit stated that in such situations "strong reasons arise for excluding [convictions] which are for the same crime because of the inevitable pressure on lay jurors to believe that 'if he did it before he probably did so this time.'" Id. In language instructive for Mr. David's case, the Court in Gordon advised that "as a general guide, those convictions which are for the same crime should be admitted sparingly . . . " Id. As explained above, there are no strong reasons for allowing the government to impeach Mr. David with his 1993 federal drug conviction.

Moreover, in deciding whether to preclude the government from impeaching Mr. David with his prior convictions, this Court should consider the "important consideration" of "the effect . . . if [Mr. David] does not testify out of fear of being prejudiced because of impeachment by prior convictions." Gordon, 383 F.2d at 940. As explained in Gordon, although this Court "might find that the prior conviction[ is] relevant to credibility and the risk to [Mr. David] does not warrant [its] exclusion, [it] may nevertheless conclude that it is more important that the jury have the benefit of [Mr. David's testimony] than to have [him] remain silent out of fear of impeachment." Id. at 940 (citations and footnote omitted).

4

In United States v. Daniels, 770 F.2d 1111 (D.C. Cir. 1985), the D.C. Circuit recognized the prejudicial impact of allowing a jury to learn of the accused's criminal record. Although deciding a severance issue, in language relevant here, the D.C. Circuit explained that

> The exclusion of bad acts evidence is founded not on a belief that the evidence is irrelevant, but rather on a fear that juries will tend to give it excessive weight, and on a fundamental sense that no one should be convicted of a crime based on his or her previous misdeeds. . . . That juries treat prior convictions as highly probative has been confirmed by empirical investigations . . . . Such reliance by the trier of fact offends the long standing tradition that protects a criminal defendant from "guilt by reputation" and from "unnecessary prejudice" . . . .

Daniels, 770 F.2d at 1116 (citations omitted).

The Court in Daniels also expressed its extreme skepticism about the "efficacy of jury instructions in curing the prejudice caused by the introduction of other crimes evidence." Daniels, 770 F.2d at 1118 ("To tell a jury to ignore the defendant's prior convictions in determining whether he or she committed the offense being tried is to ask human beings to act with a measure of dispassion and exactitude well beyond normal capacities" . . . and "the naive assumption that prejudicial effects can be overcome by instructions to the jury becomes more clearly than ever 'unmitigated fiction'"). Thus, instructing the jury in Mr. David's case about the limited use for which his prior convictions might be introduced would not suffice to cure the prejudice and therefore the government should not be allowed to impeach him by using his prior convictions. Cf. United States v. Lipscomb, 702 F.2d at 1062.

Finally, the government's request to impeach Mr. David with his 1992 Operating After Suspension Conviction and 1988 Attempted Possession of Cocaine conviction should be denied because they occurred over ten years ago and the penalty for each is under one year. Additionally, these convictions, unlike a conviction for fraud, embezzlement or perjury, do not

5

involve dishonesty or false statements and have little probative value with respect to Mr. David's truthfulness should he testify at trial.

**WHEREFORE**, for all the foregoing reasons, and any others which may appear to the Court in a full hearing on this matter, Mr. David respectfully requests that the government not be permitted to impeach him pursuant Federal Rule of Evidence 609 with his prior convictions.

Dated: Washington, DC
      May 6, 2007                      Respectfully submitted,

                                            **LAW OFFICE OF A. EDUARDO BALAREZO**

                                            By: A. Eduardo Balarezo
                                            _____
                                            A. Eduardo Balarezo (Bar # 462659)
                                            400 Fifth Street, NW
                                            Suite 300
                                            Washington, DC  20001
                                            (202) 639-0999

                                            *Attorney for Defendant Marlon David*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 6th day of May 2007, I caused a true and correct copy of the foregoing Defendant David's Opposition to Government's Motion Regarding Rule 609 Evidence to be delivered via Electronic Case Filing to the parties in this case.

_____
A. Eduardo Balarezo