UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES | : | |
| | : | Criminal No. 06-CR-92(4) (TFH) |
| *v.* | : | Next Date:  5/18/07 |
| | : | |
| MARLON DAVID | : | |

**DEFENDANT DAVID'S MOTION TO DISMISS THE SUPERSEDING INDICTMENT
OR, ALTERNATIVELY, FOR A BILL OF PARTICULARS
<u>AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF</u>**

Defendant Marlon David ("David"), by and through undersigned counsel, respectfully moves the Honorable Court to dismiss the Superseding Indictment, or alternatively, Mr. David moves for a Bill of Particulars.  As grounds for this motion, Mr. David states as follows:

1.     The Mr. David is charged in four counts of a seventeen-count indictment alleging various narcotics offenses.

2.     Based on a review of the extensive discovery produced by the government thus far, there are no facts indicating what conduct by Mr. David constitute the alleged offenses. Other than the language of the indictment, Mr. David has no notice of what the government alleges he did.

3.     In effect, the language of the indictment is but a rote recitation of statutory language and provides Mr. David with no notice of what he is expected to confront at trial.  With respect to counts One, Seven, Eleven and Twelve, the government has disclosed no information regarding the facts considered by the grand jury in concluding that Mr. David committed the offenses.  In fact, the only possible reference that can be gleaned to Mr. David's alleged criminality is an incident on January 18, 2006, where an SUV registered to Mr. David "drives up

and parks in-front of 1200 Delafield Place, the truck is occupied by an unknown person or person's [sic]. <u>Do [sic] to the darkness of the tinted windows we could not see how many people were in the truck</u>. . . . At or about 20:11 hours, the unidentified black male exits the front passenger seat of the truck, he walks to the front door of the house and walks in.  The truck pulls off and drives across Georgia Avenue." (WACIIS Investigative Supplement Report, dated January 20, 2006).

        4.     In effect, the language of the indictment is but a rote recitation of statutory language and provides Mr. David with no notice of what he is expected to confront at trial.  With respect to counts Seven, Eleven and Twelve, the government has disclosed no information regarding the facts considered by the grand jury in concluding that Mr. David committed the offenses.  Based on the indictment before this Court, Mr. David will not be able to adequately prepare to defend himself against the accusations and the government might be able to impermissibly conform its theory of criminality to the evidence that develops at trial. The dangers render the indictment invalid and must therefore be dismissed.

## ARGUMENT

### I.    The Indictment is Defective and Must be Dismissed

An indictment must be plain, concise and definitive on the essential facts, or a defendant must move to dismiss the defective indictment before trial. <u>See</u> Fed. R. Crim. P. 7(c) and 12(b)(3).  In <u>Russell v United States</u>, 369 U.S. 749 (1962), the Supreme Court reversed convictions due to an indictment that failed to satisfy the requirements of Rule 7(c).  The <u>Russell</u> Court discussed three distinct constitutional deprivations, the first being whether the indictment stated the essential facts so a defendant may plead a former acquittal or conviction. <u>Id.</u> at 764 (citations omitted).  Unlike <u>Russell</u>, where times and places were noted, the indictment against

Mr. David fails to set out his conduct that allegedly forms the basis of the charges.

The second constitutional deprivation discussed by the Russell Court was that an indictment must apprise a defendant of what he must be prepared to defend. Id. at 763. Beyond the language of the statute, the indictment must state facts and circumstances describing the offense. Mr. David appears to be charged under a vague theory of conspiracy and aiding and abetting. The language is insufficient.

The third and final constitutional deprivation discussed by the Russell Court was that a defendant may not be convicted on facts not considered by the grand jury. In Mr. David's case, there is no way to know what facts the grand jury found to support the indictment. While the government has supplied discovery, the indictment in this case cannot be cured by such a remedy. Id.

## II.     The Government Must Provide a Bill of Particulars

In the event that the court denies the relief requested above, Mr. David requests a Bill of Particulars pursuant to FRCP 7(f). The informal discovery process has been quite extensive in this case, yet, taken together with the indictment, has failed to shed light upon what conduct, if any, by Mr. David constitutes the crimes alleged in counts One, Seven, Eleven and Twelve. See Russell v. United States, 369 U.S. 749 (1962).

At this time, the government has not provided any discovery regarding counts One, Seven, Eleven and Twelve of the superseding indictment. Mr. David would like to know the time and date of any act allegedly committed by him in furtherance of the alleged conspiracy and which act the government intends to prove at trial. Mr. David has no idea what criminal acts he is supposed to have committed.

As a result of the government's failure to provide any information regarding the

relevant counts, Mr. David remains ignorant of just when he is alleged to have joined the conspiracy; what he is alleged to have done to effect membership; and what exactly it is that he allegedly for which he is being prosecuted. Mr. David also requests specific information as to all persons with whom he is alleged to have conspired.

**WHEREFORE**, for the reasons stated above, and for all other reasons that might become apparent to the Court, Mr. David respectfully moves this Court to dismiss the indictment or, alternatively, to issue an Order directing the government to provide a Bill of Particulars with respect to counts three and four of the Second Superseding indictment.

Dated: Washington, DC
      May 6, 2007                  Respectfully submitted,

                                      **LAW OFFICE OF A. EDUARDO BALAREZO**

                                      _____
                                      A. Eduardo Balarezo (Bar No. 462659)
                                      400 Fifth Street, N.W.
                                      Suite 300
                                      Washington, D.C. 20001
                                      (202) 639-0999 (tel)
                                      (202) 783-5407 (fax)

                                      *Attorney for Marlon David*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 6th day of May 2007, I caused a true and correct copy of the foregoing Defendant David's Motion to Dismiss the Second Superseding Indictment, or Alternatively, for a Bill of Particulars and Incorporated Memorandum of Points and authorities in Support Thereof to be delivered to the parties in this case via Electronic Case filing.

_____
A. Eduardo Balarezo