**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES : | |
| : | Criminal No. 06-CR-92(4) (TFH) |
| v. : | Next Date: 5/18/07 |
| : | |
| MARLON DAVID : | |

**DEFENDANT DAVID'S MOTION FOR A PRELIMINARY DETERMINATION OF CONSPIRACY AND PRETRIAL RULING ON THE ADMISSIBILITY OF CO-CONSPIRATOR'S STATEMENTS PURSUANT TO RULE OF EVIDENCE 801(d)(2)(E), AND INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Defendant Marlon David ("David"), by and through his counsel, respectfully moves the Court to conduct a pretrial hearing to determine the existence of a conspiracy and to determine the admissibility of any statements of alleged co-conspirators pursuant to Fed. R. Evid. 801(d)(2)(E). In this case, the government has charged Mr. David with various drug-related counts. In support of this motion, Mr. David states as follows:

**ARGUMENT**

Federal Rule of Evidence 801 (d)(2)(E) provides that a statement is not hearsay if it is offered against a party and is a statement made by a co-conspirator or party during the course of and in furtherance of the conspiracy. Before the statements are properly admissible under Fed. R. Evid. 801 (d)(2)(E), the court must make a determination that (1) a conspiracy existed, (2) the co-conspirator and the defendant against whom the statements are offered were members of the conspiracy, and (3) the statements were made in furtherance of the conspiracy. See United States v. Gantt, 617 F.2d 831 (D.C. Cir. 1980) (citing United States v. Nixon, 418 US 683, 701 n.14 (1974)). The trial court's findings must be supported by substantial evidence independent of the hearsay statements themselves. See Id., at 844. See also United States v.

Perholtz, 836 F.2d 554 (D.C. Cir. 1987); United States v. Weisz, 718 F.2d 413 (D.C. Cir. 1983). This determination should be made prior to trial and before the admission of the statements. See e.g., Fed. R. Evid. 104. In United States v. Jackson, 627 F.2d 1198 (D.C. Cir. 1980), the Court stated:

> The better practice is for the Court to determine before the hearsay is admitted that the evidence independent of the hearsay testimony proves the existence of a conspiracy sufficiently to justify the admission of the hearsay declaration.

Id. at 1219 (citing United States v. James, 590 F.2d 575, 582 (5th Cir), cert. denied, 442 U.S. 917; United States v. Macklin, 573, F.2d 1046, 1049 n.3 (8th Cir 1978); United States v. Petrozziello, 548 F.2d 20, 23 n.3 (1st Cir 1977)).

These procedures need to precede the trial because of the degree of prejudice Mr. David will suffer if a jury were to rely on co-conspirator's statements without the court first addressing and deciding the admissibility question. See United States v. James, supra. In United States v. Jackson, 627 F.2d at 1216, the court announced another important principle:

> What must be proved by independent evidence is merely that a combination existed between third parties and the defendant. It is not necessary to show by such evidence that a combination was unlawful. That element may be by hearsay declarations. (Emphasis in original).

More importantly, the co-conspirator or party must have made the statement "in the course of and in furtherance of the conspiracy." See Bourjaily v. United States, 483 U.S. 171 (1987). This places a considerable burden on the government to overcome the presumption of unreliability that attaches to all out-of-court statements while at the same time producing sufficient evidence to prove by a preponderance of the evidence that a conspiracy did, in fact, exist. Id.

In reaching its decision, the court may exercise its wide range of power to remove

Mr. David from an atmosphere that will cloud a jury's judgment on the facts alone. As Judge Weinstein has commented:

> It is the contention of the treatise that a fair and practicable method of protection to the defendant without violating the letter or spirit of the rule relies in insisting on a stringent standard of proof before the Court admits a co-conspirator's statement in a criminal case. Only if the Court is convinced to a higher degree of probability, considering hearsay as well as no-hearsay evidence of the conspiracy, of the defendants' membership and the statement was made during the course of and in furtherance thereof should it be admitted.

Weinstein, EVIDENCE §104.

In <u>United States v. James</u>, supra, the Fifth Circuit Court of Appeals traced the history of the court's role when confronted with the same issues that are now before this court. Before the enactment of the Federal Rules of Evidence the trial judge's role was to instruct the jury to weigh the evidence of proof of a conspiracy. With the adoption of Fed. R. Evid. 104, the presiding judge now has an active role consisting of two important functions: First, the court determines whether the government has made a prima facie showing and, then, it weighs the evidence-a function formally performed by the jury. As the appellate court said in <u>James</u>,

> We are therefore convince that the preliminary questions of conditional relevance envisioned by Rule 104(b) are those which present no such danger of prejudice to the defendant. They are questions of probative force rather than evidentiary policy. They involve questions as to the fulfillment of factual questions as to the fulfillment of factual questions which the     jury must answer.
>
> The admissibility of a co-conspirator's declaration in a conspiracy trail, however, does pose problems precisely because the relevancy and apparent probative value of the statements may be so highly prejudicial as to color other evidence even in the mind of a conscientious juror, despite instructions to disregard the statements or to consider them conditionally. As a result such statements should be evaluated by the trained legal mind of the trial judge.
>
> The <u>James</u> case also held that the standard of proof should be high enough to

afford adequate protection to the defendant against whom the government offers the evidence, yet not to such a level as to exclude trustworthy evidence.

**WHEREFORE**, for the foregoing reasons, and any others the court may deem appropriate, Mr. David requests that the court conduct a pretrial hearing to determine the admissibility of co-conspirator's statements which may involve him and requests that the court strictly scrutinize the type of evidence the government proffers as well as the quantum of proof it presents in an attempt to meet its burden.

Dated: Washington, DC
      May 6, 2007                              Respectfully submitted,

                                              **LAW OFFICE OF A. EDUARDO BALAREZO**

                        By:    _____
                               A. Eduardo Balarezo, Esq. (Bar # 462659)
                               400 Fifth Street, NW
                               Suite 300
                               Washington, DC  20001

                               *Counsel for Defendant Marlon David*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 6th day of May 2007, I caused a true and correct copy of the foregoing Defendant David's Motion for a Preliminary Determination of Conspiracy and Pretrial Ruling on the Admissibility of Co-Conspirators' Statements Pursuant to Rule of Evidence 802(d)(2)(E), and Memorandum of Points and Authorities in Support Thereof to be delivered to the parties in this case via Electronic Case Filing:

                                              _____
                                              A. Eduardo Balarezo