UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES** | : | |
| | : | **Criminal No. 06-CR-92(4) (TFH)** |
| *v*. | : | Next Date:  6/20/07 |
| | : | |
| **MARLON DAVID** | : | |

### DEFENDANT DAVID'S MOTION TO SUPPRESS IDENTIFICATION AND INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Defendant Marlon David ("David"), by and through undersigned counsel, and pursuant to the Fifth Amendment to the United States Constitution and the Federal Rules of Criminal Procedure hereby respectfully moves the Honorable Court for an Order suppressing any and all identification evidence relating to David.  As set forth below, law enforcement officers used identification procedures in this case that were unnecessarily suggestive and the resulting identification evidence is unreliable.  As a result, testimony about out-of-court and in-court identifications should be excluded at trial.

In support of this Motion, David states as follows:

### BACKGROUND

1.    David is charged in four counts of a seventeen-count indictment alleging various narcotics offenses.

2. Upon a review of the discovery, it appears that the government identified David through the use of informants using some type of identification procedure.[1] David asserts that this procedure was unduly suggestive and violated his due process rights.

## ARGUMENT

3. Identification evidence must be excluded at trial when police use a pretrial identification procedure so impermissibly suggestive that it gives rise to a "substantial likelihood of irreparable misidentification" in violation of the Due Process Clause. See Manson v. Braithwaite, 432 U.S. 98, 107 (1977); Samuels v United States, 390 U.S. 377, 384 (1968); Stovall v. Denno, 388 U.S. 293, 301-02 (1967).

4. "[R]eliability is the linchpin in determining the admissibility of identification testimony." Manson, 432 U.S. at 114. When a pretrial identification procedure is unnecessarily suggestive, the court must weigh "the corrupting effect of the suggestive identification" against the criteria for a reliable identification, including the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the degree of certainty demonstrated at the confrontation, and the time between the crime and the confrontation. Id. If an out-of-court identification is unreliable and hence inadmissible, any subsequent in-court identification almost always will be inadmissible.

5. In this case, police used unnecessarily suggestive identification procedures giving rise to a "substantial likelihood of irreparable misidentification" of David. See Manson, 432 U.S. at 107. Upon information and belief, the government provided their informant(s) with

---

[1] It is unclear exactly what procedure was used, but a review of discovery indicates that at least a single picture of David was used for identification purposes.

a single picture of David for identification. Such a procedure was unduly suggestive and unreliable.

## CONCLUSION

WHEREFORE, for all of the foregoing reasons and any others that may become apparent to the Court, Defendant David respectfully requests that this Motion be granted and that the Court suppress any and all out-of-court and in-court identifications of David.

Dated: Washington, DC
June 18, 2007

Respectfully submitted,

**LAW OFFICE OF A. EDUARDO BALAREZO**

By: _____
A. Eduardo Balarezo, Esq. (Bar # 462659)
400 Fifth Street, NW
Suite 300
Washington, DC  20001

*Counsel for Defendant Marlon David*

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 18th day of June 2007, I caused a true and correct copy of the foregoing Defendant David's Motion to Suppress Identification to be delivered to the parties in this case via Electronic Case Filing.

_____
A. Eduardo Balarezo