**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES** : | |
| : | **Criminal No. 06-CR-92(4) (TFH)** |
| *v.* : | **Next Date: 6/20/07** |
| : | |
| **MARLON DAVID** : | |

**DEFENDANT DAVID'S MOTION TO SUPPRESS STATEMENTS**
**AND INCORPORATED MEMORANDUM OF POINTS**
**AND AUTHORITIES IN SUPPORT THEREOF**

Defendant Marlon David ("David"), through undersigned counsel, respectfully moves the Court for an Order suppressing his post-arrest statements to government agents on the grounds that any waiver was not knowing and voluntary. Thus, his interrogation violated Miranda v. Arizona, 384 U.S. 436 (1966). In support of this motion, David states as follows:

**FACTS**

1.  David is charged in four counts of a seventeen-count indictment alleging various narcotics offenses.

2.  Authorities arrested David on January 23, 2007, at approximately 10:50 p.m., at his home located at 4821 9th Street, NW. According to a police report disclosed during discovery, the police transported David to the 4th District for processing and was advised of his "Miranda Rights." The government has produced a rights waiver form purportedly signed by David on January 23, 2007, at approximately 10:50 p.m. Detectives Copeland and Faggans then questioned David regarding his indictment.

3. When asked by the detectives to explain what happened, David stated that nothing happened and that he just dropped L.A. (believed to be co-defendant Neil Thomas) and drove off.

4. David's statements were not knowing and voluntary and in violation of Miranda.

**ARGUMENT**

I. **DAVID'S STATEMENTS WERE OBTAINED IN VIOLATION OF MIRANDA AND WERE NOT KNOWINGLY AND VOLUNTARILY MADE.**

Before law enforcement officers may question an individual who is in custody, they must warn the individual of his or her Constitutional rights. See Miranda v. Arizona, 384 U.S. 436, 478-79 (1966). Once a defendant challenges the admissibility of any statements made while in custody, the government must prove that the defendant was advised of and understood the Miranda rights and that he or she validly waived those rights. If the government cannot establish both the warning and the waiver by a preponderance of the evidence, the statements must be suppressed. See Colorado v. Connelly, 479 U.S. 157, 168-69 (1986).

A valid waiver of Miranda rights must be knowing, voluntary, and intelligent. See Miranda, 384 U.S. at 444. The inquiry into the validity of a waiver of Miranda rights "has two distinct dimensions." Colorado v. Spring, 479 U.S. 564, 572 (1987) (quoting Moran v. Burbine, 475 U.S. 412, 421 (1986)). The waiver must be "the product of a free and deliberate choice rather than intimidation, coercion, or deception," and "must have been made with a full awareness both of the nature of the right being abandoned and the consequences of the decision to abandon it." Spring, 479 U.S. at 572 (quoting Fare v. Michael C., 442 U.S. 707, 725, (1979)).

The Court must "consider the totality of circumstances surrounding [defendant's] statement and determine if that statement was the result of a knowing, voluntary, and intelligent waiver of the protections implicit in the Miranda warnings." United States v. Tyler, 164 F.3d 150, 158 (3d Cir. 1998). Such circumstances vary according to the facts of the particular case, including the background, experience, and conduct of the suspect, see Oregon v. Bradshaw, 462 U.S. 1039, 1046 (1983), as well as any indicia of coercion.

    **a.**    **the waiver was not knowing**

Although David may have signed a rights waiver card, he did so after the police questioned him and obtained the incriminating statements. Thus, at the time the statements were made, David had not been advised of his rights and the subsequent purported waiver cannot relate back to the earlier statements. See Missouri v. Seibert, 542 U.S. 600 (2004).

    **b.**    **the waiver was not voluntary**

The Court must determine the voluntariness of a confession by looking at the totality of the circumstances to decide whether it was coerced or the product of a rational intellect and a free will. See Withrow v. Williams, 507 U.S. 680, 693 (1993). As described in previously, the facts as the government may argue indicate that David was advised of his rights, understood those rights and decided to waive those rights almost contemporaneously with his arrest. Because this decision had to have been made during or immediately after being arrested, searched, handcuffed and escorted to an interrogation room, and without sufficient time to reflect upon the waiver, the facts indicate that the waiver was not voluntarily made.

## CONCLUSION

For the foregoing reasons, and any others which may appear to the Court following an evidentiary hearing, David respectfully requests that any custodial statements made by him be suppressed and that this Motion be **GRANTED**.

Dated: Washington, DC
      June 18, 2007  Respectfully submitted,

**LAW OFFICE OF A. EDUARDO BALAREZO**

By: _____
A. Eduardo Balarezo (Bar # 462659)
400 Fifth Street, NW
Suite 300
Washington, DC  20001
(202) 639-0999
*Attorney for Defendant Marlon David*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 18th day of June 2007, I caused a true and correct copy of the foregoing Defendant's Motion to Suppress Statements and Incorporated Memorandum of Points and Authorities in Support Thereof to be delivered the parties in this case via Electronic Case Filing

                                                                                              _____
                                                                                           A. Eduardo Balarezo