UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v.                                                    )       Cr. No. 06-0092-04 (TFH)<br>)<br>MARLON CHRISTOPHER DAVID, )<br>)<br>Defendant.                                    )<br>_____) | FILED<br>OCT 1 1 2007<br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

## ORDER

Pending before the Court is the government's motion to dismiss the indictment without prejudice pursuant to Rule 48(a), Fed. R. Crim. P. (# 71). Although David does not oppose dismissal—and, in fact, asks the Court to grant the government's motion—he requests the Court dismiss the indictment with prejudice. David contends that, "[b]ased on the prejudice suffered by [him] during these past seven months of detention, including the loss of his employment," the Court should "dismiss the indictment against him with prejudice." Def. Resp. ¶6.

Dismissal pursuant to Rule 48(a) is generally without prejudice. *Mann v. United States*, 304 F.2d 394, 398 n.12 (D.C. Cir. 1962); *see also United States v. Poindexter*, 719 F. Supp. 6, 10 (D.D.C. 1989) ("[T]here remains a strong presumption in favor of no-prejudice dismissal . . . ."). "[I]t is precisely because a dismissal under Rule 48(a) does not bar a subsequent prosecution that the rule requires the consent of the court." *United States v. Davis*, 487 F.2d 112, 118 (5th Cir.1973). Courts dismiss indictments under Rule 48(a) with prejudice or deny motions to dismiss in rare cases where the prosecutor acted in "bad faith," *see United States v. Rosenberg*, 108 F. Supp. 2d 191, 204-05 (S.D.N.Y. 2000), or dismissal with prejudice is necessary to protect

the defendant from "prosecutorial harassment," *see e.g., Poindexter*, 719 F. Supp. at 10-12. In determining whether such circumstances exist, courts are guided by the "presumption that the prosecutor acted in good faith." *United States v. Welborn*, 849 F.2d 980, 983 (5th Cir. 1988).

Here, David does not contend there was any bad faith or improper motive on the government's part in moving to dismiss the indictment or that dismissal with prejudice is necessary to protect him from prosecutorial harassment. Rather, he contends he suffered prejudice at the government's hands because it waited too long to move for dismissal. *See* Def. Resp. ¶¶ 2-4 (noting counsel's several attempts over the seven months David has been incarcerated to persuade government to dismiss indictment for lack of evidence). The government's alleged delay in seeking dismissal, however, is not a reason to dismiss the indictment with prejudice. *See Rinaldi v. United States*, 434 U.S. 22, 30 (1977) ("The salient issue . . . is not whether the decision to maintain the federal prosecution was made in bad faith but rather whether the Government's later efforts to terminate the prosecution were similarly tainted with impropriety."). Therefore, the Court

**GRANTS** the government's motion to dismiss (# 71) and, accordingly,

**ORDERS** the indictment against David dismissed without prejudice.

**SO ORDERED.**

October 11, 2007

                                                Thomas F. Hogan
                                                Chief Judge